Commonwealth ex rel. S. D. Parker, Appellant, *v.* H. S. Blatt.

Commonwealth ex rel. H. S. Blatt *v.* S. D. Parker, Appellant.

165    213
165    216
165    213
e 19 SC  628
165    213
27 SC  313

*Appeals—Practice, S. C.—Habeas corpus—Custody of children—Temporary order.*

No appeal lies from an order of the court of common pleas, remanding a child into the custody of its father or grandfather, and directing that the writ of habeas corpus, issued in the case, stand over as a pending writ, subject to the further order of the court.

Argued Oct. 8, 1894. Appeals, Nos. 183 and 184, Oct. T., 1894, by relator and defendant, from orders of C. P. Lawrence Co., June T., 1894, Nos. 1 and 2, on writ of habeas corpus. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Appeal dismissed.

Habeas corpus to obtain custody of children.

In the case of the minor, Glenn B. Parker, the court made the following orders:

" Now, April 18, 1894, it is ordered, that the minor, Glenn B. Parker, be remanded into the custody of his grandfather, H. S. Blatt, there to remain until the further order of the court, with this qualification: That the father, Stanford D. Parker, shall have exclusive possession of the said Glenn B. Parker, for one whole week in three, or if the parties agree amicably they may alternate. The selection of the weeks to be made by Stanford D. Parker.

" It is further ordered that the writ of habeas corpus stand over as a pending writ, subject to such further action as may hereafter be adjudged by the court to be right and proper, in relation to the custody of said minor. It is further ordered that the week which the father of the minor has possession shall be concurrently with the possession of Lois Parker, so that they shall be together two weeks in three.

" And it is further expected that each of the parties in possession of the children, minors, will not in any way prejudice, attempt to prejudice, cause or allow the minds of the minors to be prejudiced against the opposite parties, but must act in good faith each to the other."

" And now, June 7, 1894, it is further ordered that the minor, Glenn B. Parker, be remanded into the custody of H. S. Blatt, the respondent, there to remain until the further order of the court with this qualification: that the relator, S. D. Parker, father of said Glenn B. Parker, be permitted to see said Glenn B. Parker, at all reasonable times and hours; that the writ in this case stand over as a pending writ, subject always to such further order as may hereafter be adjudged for the best interest and welfare of said minor."

Similar orders were made in the case of Lois Parker, remanding her into the custody of her father.

*Errors assigned* were above orders, quoting them.

*B. A. Winternitz, John G. McConahy, D. B. & L. T. Kurtz* with him, for S. D. Parker.—This court has power to correct all manner of errors: Act of June 16, 1836, P. L. 793; Com. v. Newton, 1 Gr. 453; Hummell's Case, 9 Watts, 424.

The court had no power to make the second order after the expiration of the term at which the first order was made : Catlin v. Robinson, 2 Watts, 373 ; King v. Brooks, 72 Pa. 363 ; Com. v. Maloy, 57 Pa. 291 ; Mathers v. Patterson, 33 Pa. 485 ; Stephens v. Cowan, 6 Watts, 511.

*J. Norman Martin, S. H. Miller* with him, for H. S. Blatt.—This court has no jurisdiction to review the discretion of the court below : Com. v. Kryder, 1 Penny. 143 ; Loretto Road, 29 Pa. 350 ; Remminger v. Thompson, 6 S. & R. 1.

COM. EX REL. S. D. PARKER, APPELLANT, V. BLATT.

OPINION BY MR. JUSTICE FELL, Jan. 7, 1895 :

The assignments of error relate to two orders made by the court in proceedings under a writ of habeas corpus, concerning the custody of the minor children of the relator.

Neither of these was a final order from which an appeal lies. In each it was directed that the writ should stand over as a pending writ subject to such further action as the court might adjudge right and proper. Until a final disposition of the case and an order in pursuance thereof it cannot be the subject of review by this court. The order of April 18, 1894, was acquiesced in by all the parties, and the appeal was taken almost immediately after the order of June 7, 1894, was made, and without requesting the court to proceed to final judgment. The subject was one of the most difficult and delicate upon which a court is called to act. The legal right of the parent to the custody, care and companionship of his children is not to be interfered with except for the most substantial reasons affecting their welfare. The hasty disposition of such a case, unless it be very clear, is likely to result in great injustice to the parent or ultimate injury to the child; and it frequently happens that the court can be best informed as to its duty, and ascertain what final action should be taken, by observing the results of such tentative orders as were here made.

It is however the right of the appellant to have a final determination of the case and an order filed in pursuance thereof. This will doubtless be accorded him upon a proper application.

The appeal is dismissed.

COM. EX REL. BLATT V. S. D. PARKER, APPELLANT.

OPINION BY MR. JUSTICE FELL, Jan. 7, 1895:

The facts in this case are identical with those in Commonwealth ex rel. S. D. Parker v. H. S. Blatt, and for the reasons stated in the opinion filed in that case the appeal is dismissed.