Samuel Farrer in his own right and as attorney in fact for Ezra L. Farrer, Appellants, *v.* Jemima Denning.

*Jurisdiction, O. C.—Payment into court—Dower reserved by deed.*

The orphans' court has no jurisdiction where a dower interest is charged on land by deed, and hence upon the death of the widow the money so charged may not be paid into the orphans' court, for distribution among those entitled, upon petition of those charged with payment.

The Act of May 17, 1866, P. L. 1096, does not vest jurisdiction in the orphans' court, nor can it, under the circumstances of the case at bar, be assumed under the Act of July 14, 1897, P. L. 269.

Argued April 20, 1899. Appeal, No. 220, April T., 1899, by plaintiffs, from judgment of C. P. Washington Co., Feb. T., 1899, No. 118, on verdict for defendant. Before RICE, P. J., BEAVER, ORLADY, SMITH, W. W. PORTER, W. D. PORTER and BEEBER, JJ. Reversed. Opinion by BEAVER, J.

Assumpsit to recover the sum of $750, being the amount of the shares of the plaintiffs in the dower charge on a certain tract of land.

The facts sufficiently appear in the opinion of the court.

The court directed a verdict for defendant. Plaintiffs appealed.

*Errors assigned* among others were (6) in answer to plaintiffs' point, which point and answer were as follows : " The court is respectfully requested to instruct the jury to find for the plaintiffs in the sum of $750, with interest from April 22, 1898. *Answer :* This point is refused, gentlemen of the jury, subject to what we have said in our general charge ; that is, that the defendant has paid these two shares of the money here sued for into court before this suit was brought, and it has been correctly reported by the auditor in his schedule of distribution, and the report has been confirmed and no exceptions filed thereto. The prothonotary will now take your verdict for the defendant, for the reasons stated."

*J. P. Miller, Jr.*, of *Miller & Miller*, for appellants.—The only defense made to the plaintiff's claim in this case was that the money sued for had been paid into the orphans' court. The question as to how the money got into the orphans' court is the vital one in the case.

We contend that the court has no jurisdiction, upon the petition of the owner of the land, under said Act of May 17, 1866, P. L. 1096, to order the payment into court of the principal of a dower charge. It is the 1st section of the act which gives the court jurisdiction over the subject-matter and that prescribes that the proceedings must be instituted by some one "claiming an interest " in the fund, directs due notice to be given to the owner of the land and to others interested, and requires the court to proceed according to equity. The 2d section makes it law-

ful for the owner of such real estate, so charged, to pay the amount of the charge into the orphans' court. It is manifest that the word such, used in the 2d section, both as to the real estate and the charge, refers to cases where the court has acquired jurisdiction of the subject-matter, as well as of the parties interested, under the 1st section of the act. This view is strengthened by the absence of all provisions in said section for notice and directions as to procedure.

If the court has correctly construed the Act of May 17, 1866, P. L. 1096, then it is unconstitutional, for it puts the power in the court to deprive a person of his property without due process of law, just as will be done in this case, if the judgment is permitted to stand.

But the money sued for in this case is charged by deed between the vendor and vendee of the land. This charge is a covenant between the parties, by which the defendant is bound to pay the principal of the charge to the heirs of Andrew Farrer. Payment to some one other than the heirs was not payment. It will not avail the defendant to say that she should "not assume the responsibility of ascertaining and determining who are the heirs of Andrew Farrer, deceased." That is a duty which her father assumed when he bought the land; the covenant which he then made is binding on her as the owner of the land, and when the court undertook to order her to pay the money into court, it attempted to impair the obligation of the contract under which she holds the land. Of course this the court could not do, and it follows that the whole proceeding for the payment of the money into court is void.

The petition offered in evidence by the defendant was clearly inadmissible. The plaintiffs had no notice of its presentation. They were never in the orphans' court. The decree made for payment of the money into court was clearly void as to them.

It was error of fact in the court to say to the jury that the plaintiff can get his share out of court. His share of the dower charge, without interest, was $375. The auditor awards him $366. The fund has been depleted by costs in a proceeding to which he was not a party. He is not bound to accept payment of part of his share. He is entitled to receive it in full

*T. B. H. Brownlee,* for appellee.—The Act of May 17, 1866,

P. L. 1096, while providing an additional remedy for persons claiming an interest in money charged upon real estate under a proceeding in the orphans' court, was also intended to give relief to the owner of the land so charged, and the relief intended for the landowner in the 2d section is not dependent on a proceeding instituted under the 1st section. The act is entitled, " An act to enlarge the powers of the orphans' court," and not merely an act to enforce the collection of money charged upon real estate.

The money was properly paid into court. But granting for the sake of argument that notice was necessary, the appellant brought himself within the jurisdiction of the court when he voluntarily appeared and petitioned to take the money out of court, and the decree of the court refusing his petition, unappealed from, is conclusive. The decree of the court appointing an auditor and confirming his report, unappealed from, are conclusive. We hardly need to say at this late date that decrees of the orphans' court are conclusive, and " shall not be reversed or avoided collaterally in any other court; but they shall be liable to reversal or modification, or alteration on appeal to the Supreme Court, as hereinafter directed:" Act of March 29, 1832, P. L. 190, sec. 2.

OPINION BY BEAVER, J., July 28, 1899:

The orphans' court has never been considered a court of general jurisdiction. They have no power, unless given by act of assembly: President O. C. Dauphin County v. Groff, 14 S. & R. 181. In Weyand v. Weller, 39 Pa. 443, Mr. Justice THOMPSON said: " It seems to have been forgotten that the orphans' court is a court of limited jurisdiction." The limitation arises from the fact that the court has no common-law jurisdiction but is the creature of statute. Its jurisdiction, therefore, is purely statutory, and when jurisdiction is claimed for it, express statutory authority must be shown.

The present action was brought in the common pleas upon facts which are thus set forth in the plaintiff's statement: " By deed dated the 7th day of November, 1874, and recorded in the office for recording deeds, etc., in and for the said county of Washington, in deed book ' B,' vol. 5, page 274, Samuel Farrer conveyed to Charles Denning a certain tract of land, in said

deed described, situate in Hopewell township, county of Washington, charged with the sum of $1,500, the interest thereon to be paid annually to Elizabeth Farrer, widow of Andrew Farrer, deceased, during her natural life, and at her death, the said principal sum to be paid to the heirs of Andrew Farrer, deceased. At the time of his decease the said Andrew Farrer left surviving him four heirs of whom the said plaintiffs are two, entitled as such to receive the sum of $375 each, or one fourth each of the said principal sum of $1,500, at the death of the said Elizabeth Farrer. The said Elizabeth Farrer died on the 22d day of April, A. D. 1898, and the said principal sum of $1,500 then became due and payable to the heirs of the said Andrew Farrer, deceased.

" By devise of the said Charles Denning and a certain conveyance, the said Jemima Denning has become and now is, and was, on the said 22d day of April, A. D. 1898, seized in her demesne as of fee of and in the said tract of land, charged with the payment of $1,500 to the heirs of the said Andrew Farrer, deceased, and by virtue of said devise and bequest the said defendant, Jemima Denning, has become liable to pay to the plaintiffs their respective shares, purparts or dividends of the said principal sum of $1,500, with interest as aforesaid." These facts are not controverted in the affidavit of defense. It is alleged, however, that, in pursuance of the advice of counsel " on petition of Frank S. Brownlee, late guardian of the minor children of George Denning, deceased, whose estate had, by will of Charles Denning, deceased, become responsible for part payment of said sum of $1,500, the orphans' court ordered and decreed the payment of said sum of $1,500 into court for distribution among the heirs of Andrew Farrer, deceased; that, on July 8, 1898, in accordance with said decree, the defendant and said guardian paid into said court said sum of $1,500, with interest thereon from the 14th day of April, 1898, to date of payment into court—a total of fifteen hundred and twenty-three and $\frac{75}{100}$ dollars; that, on the 12th day of December, 1898, said court appointed H. J. Van Kirk, Esq., auditor, to make a distribution of said fund to and among the heirs of Andrew Farrer, deceased; that the said auditor, in accordance with his appointment, has duly and legally advertised a meeting for the distribution of said fund, on the 4th day of January, A. D.

1899." Distribution was subsequently made by the auditor, whose account was confirmed by the court. One half of the said fund, less the expenses in the orphans' court and auditor's fees, was decreed to the plaintiffs in the present suit. The court below directed a verdict for the defendant, on the ground that the orphans' court had jurisdiction to receive and distribute the fund paid into court by the defendant, in satisfaction of the dower charged upon the land by the deed of her grantor.

It was claimed in the court below, and is claimed here, that the provisions of the Act of May 17, 1866, P. L. 1096, "enlarging the powers of the orphans' court, so as to discharge liens on real estate," authorized the payment of this fund into court and gave the court jurisdiction to receive and distribute the same. This is distinctly affirmed in the charge of the court below and the vital question for our consideration is whether or not the payment into the orphans' court was properly made, under the provisions of that act of assembly.

The act provides "that in all cases in which a proceedings in the orphans' court of any county, any money has been charged upon real estate, payable at a future period, it shall be lawful for any person claiming an interest therein, when the same shall have become payable, to apply by bill or petition to the said orphans' court for the payment of the same." The second section provides: " It shall be lawful for the owner of such real estate so charged, when the same shall become payable, to pay the amount of such charge into the said orphans' court," etc. The phraseology of the first section is peculiar. The meaning unquestionably is " that in all cases in which by proceedings in the orphans' court," etc. It can have no other meaning, if it is to be intelligibly construed, and the meaning is so evident that we do no violence to the act in so construing it. It means that or it means nothing. In either event there is failure to confer upon the orphans' court jurisdiction in the present case. The money charged upon the real estate of the defendant was not so charged by any proceedings in the orphans' court, so far as appears by the record in this case, but by the deed of Samuel Farrer, as set forth in the plaintiff's statement and expressly admitted in the defendant's affidavit of defense. The second section of the act relates to real estate "so charged," which, of course, refers to a charge created by proceedings in the orphans'

court.   The act referred to had, therefore, no application to such a case as the one under consideration.   This is clearly apparent from the provisions of the act itself but is made further manifest, so far as legislative and executive interpretation is concerned, by the Act of July 14, 1897, P. L. 269, "authorizing the payment into the orphans' court of the money due on dowers, legacies or other charge upon land, where the person or persons to whom the dower, legacy or other charge on the land is due and payable cannot be found, and providing for the satisfaction, extinguishment or discharge thereof, and to ascertain the amount thereof." It is not claimed in this case that the money was paid into the orphans' court under the provisions of this latter act.   Indeed none of the provisions of the act were complied with in the petition or the subsequent proceedings thereon.

It is claimed that the defendant is estopped from maintaining his suit at law, because he attended the proceedings before the auditor appointed to make distribution of the fund paid into the orphans' court, but he was there as a witness and not voluntarily as a party.   He was bound to attend and his attendance, under the circumstances, in no way compromised his legal rights.

Being clearly of the opinion that the orphans' court had no jurisdiction over either the fund in controversy or the parties, under the provisions of the Act of May 17, 1866, P. L. 1096, supra, the plaintiff had a right to maintain the present action and the instruction of the court, directing the jury to find a verdict for the defendant, was erroneous.   This error is fundamental and it is, therefore, unnecessary to consider the other minor questions raised by the several specifications of error.

Judgment reversed and a new venire awarded.