# Commonwealth *v.* Nowyokot, Appellant.

*Election law—Falsifying returns—Evidence—Charge.*

1. A conviction of falsifying election returns will not be set aside because the trial judge stated that the jury could consider the Act of April 16, 1903, P. L. 217, providing for a return of the election papers within three days, inasmuch as such act has nothing to do with the crime charged in the indictment.

*Practice, C. P.—Trial—Remarks of counsel.*

2. Where objection and exception is taken to alleged objectionable remarks of counsel, and the party objecting is given the opportunity to withdraw a juror and continue the case, but refuses to do so, but goes to trial on the merits, he waives his objection to the alleged improper remarks.

Argued April 19, 1909. Appeal, No. 6, March T., 1910, by defendant, from judgment of Q. S. Lackawanna Co., Dec. T., 1908, No. 213, on verdict of guilty in case of Commonwealth v. George Nowyokot. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY and HEAD, JJ. Affirmed.

Indictment for violating election law.  Before HEYDT, J.
The facts appear by the opinion of the Superior Court.

*Errors assigned* were as follows:

1. The learned trial judge erred in charging the jury as follows:

"The question has been argued before you as to when it was the duty of the judge of election to bring the returns into the office of the prothonotary.  I say to you as a matter of law, that it was the duty of this defendant to bring the returns to the county seat and file them in the office of the prothonotary of the court of common pleas upon the day following the election, before 2 o'clock P. M.  To be entirely fair, though, I want to say to you that the act of assembly of April 16, 1903, which was read to you by Mr. Taylor, in which it is provided that the return judge shall have three days' time to return them is found on the statute books.  It is not necessary for me to explain to you why I think that is not the law.  If there was any evidence that this defendant had been misled or misguided by the act of assembly, then that would probably be a good defense in a criminal prosecution for violating the election laws, but you will take that fact in connection with all the other facts into consideration."

2. The learned trial judge erred in refusing to grant a new trial for the improper remarks of the district attorney in the presence of the jury in closing the case as follows:

"If a note was given by a man to another for $136 was shown to have been altered, and there was no explanation as to the alteration, that it could be used as a presumption against him."

3. The remarks of the district attorney in the presence of the jury in closing the case as follows:

"If a note given by a man to another for $136 was shown to have been altered, and there was no explanation as to the alteration that it could be used as a presumption against him," were a violation of the Act of May 23, 1887, P. L. 158, sec. 10.

*A. A. Vosburg* and *Frank P. Benjamin,* for appellant, cited

as to the remarks of counsel: Com. v. Foley, 24 Pa. Superior
Ct. 414; Com. v. Brown, 16 W. N. C. 557; Com. v. Bell, 20 Pa.
C. C. Rep. 223; Com. v. Bruner, 11 Pa. C. C. Rep. 428; Com. v.
Holtham, 5 Pa. Dist. Rep. 24.

*Joseph O'Brien,* district attorney, cited, as to the remarks
of counsel: Com. v. Furman, 22 Lanc. Law Rev. 225; Com. v.
Elder, 34 Legal Int. 400; Sutton v. Com., 85 Va. 128; Frazier v.
The State, 135 Ind. 38; Jones v. Cleveland, 8 Kulp, 461; Moll
v. Zimmerman, 1 Woodward's Decisions, 501; Com. v. Draper,
2 Chester County Repr. 424; Com. v. Clark, 7 Lack. L. N. 307;
Com. v. Windish, 176 Pa. 167; Com. v. Greason, 204 Pa. 64;
Com. v. Twitchell, 1 Brews. 551; Com. v. Hanlon, 3 Brews.
461.

OPINION BY ORLADY, J., July 14, 1909:

The defendant was a judge of election, and as such was in-
trusted with and had in his custody for safe-keeping and de-
livery to the prothonotary of the court of common pleas of
Lackawanna county, the triplicate election returns, tally papers
and other returns and papers used in counting the votes cast at
an election held on November 3, 1908. He was charged with
unlawfully defacing, altering and changing a certain tally paper
of the said district, by adding after the name of Morgan Thomas,
a candidate for the office of county commissioner, fifty-three
tallies, thereby changing the said tally paper so that it appeared
that Morgan Thomas, candidate, had received 136 votes for the
office of county commissioner instead of eighty-three, which
were actually received.

At the conclusion of the commonwealth's case the first and
second counts of the indictment were withdrawn from the con-
sideration of the jury. The defendant was convicted, and on
his appeal to this court he urges that the trial judge erred in
charging the jury as follows: "The question has been argued
before you as to when it was the duty of the judge of election to
bring the returns into the office of the prothonotary. I say to
you, as a matter of law, that it was the duty of this defendant to
bring the returns to the county seat and file them in the office of

the prothonotary of the court of common pleas, upon the day following the election before two o'clock P. M. To be entirely fair, though I want to say to you that the act of assembly of April 16, 1903, which was read to you by Mr. Taylor, in which it is provided that the return judge shall have three days' time to return them, is found on the statute books. It is not necessary for me to explain to you why I think that is not the law. If there was any evidence that this defendant had been misled or misguided by this act of assembly, then that would probably be a good defense in a criminal prosecution for violating the election laws; but you will take that fact in connection with all the other facts into consideration."

The foregoing is an excerpt from the charge and does not fully represent the whole thought expressed to the jury. Moreover, the act of 1903 was not involved in the case, and was improperly interjected into the trial by the defendant's counsel. It had nothing to do with the issue under the indictment, and the evidence clearly shows that this defendant had in his possession tally papers which had been mutilated or forged, without any explanation being given. The trial judge went farther than was necessary, in adding that they could take the requirements of the act of 1903 into consideration, and if the defendant had been misled or misguided by that act of assembly, it would be a good defense in that prosecution.

The only other assignment of error relates to remarks made by the district attorney in the presence of the jury in the close of his argument, which are admitted to be as follows: "If a note was given by a man to another for $136 and it was shown to have been altered, and there was no explanation as to the alteration, that could be used as a presumption against him." There was no reference to the fact that the defendant did not go upon the witness stand in his own defense, and no comment was made of his failure so to do. The attention of the court was promptly called to the remarks of counsel and an exception was taken. The court asked the defendant's counsel if he desired to have a juror withdrawn and the case continued, when counsel replied that they did not have to ask for that, as they understood it, and elected to stand on the exception alone.

It was developed on the trial by the commonwealth's testimony that the return or tally paper was altered so as to change the figures 83 to 136, and this was the crux of the case so far as the defendant was concerned, and that phase of it was fully and fairly submitted to the jury, the court stating as follows: "You will take into consideration what the condition of these papers was when they were handed to George Nowyokot; where the papers were kept; in what condition they were when they were opened; the condition of the sealed envelopes with the seal on; and all the papers themselves; whether there are any erasures on them and any changes, and you will consider all the facts in the case and then decide whether this defendant altered or defaced or changed any of these election papers." The defendant made his motion for a new trial. The questions involved, presented for review here, were fully heard and the motion was refused.

The attention of counsel was called to the propriety of asking · for the withdrawal of a juror, which suggestion was declined. They elected to go to the jury on the main facts of the case, and on the record as they have made it. They come within the rule laid down in Commonwealth v. Weber, 167 Pa. 153, viz.: There is no distinction between admission of improper evidence and improper argument. It is the duty of counsel to aid the court, by their learning and fidelity, in the administration of justice; any other rule of duty would probably lead to very undesirable results; because, without it, the most effective defense that astute counsel could make for criminals with a hopeless case on the evidence, would be, by silence, in order to invite errors of omission and commission by the court and opposing counsel, with the object of securing reversals on review; and thus by persistent, expensive and vexatious appeals, wear out the prosecution.

The proper practice is a motion for the withdrawal of a juror and continuance of the cause: Com. v. Windish, 167 Pa. 164; Com. v. Greason, 204 Pa. 64, and a number of other cases.

The words of the district attorney were doubtless forcible and illustrative, and brought quite keenly to the minds of the jury the facts in the case, but they were not more than this, and

taken in connection with the charge of the court, they tended to invite a more careful scrutiny by the jury of the evidence adduced by the commonwealth.

The assignments of error are overruled. The judgment is affirmed.