# Hubbard *v.* Philadelphia Rapid Transit Co., Appellant.

*Instructions to jury—Inadequacy — Failure to present requests for instructions—Appeal.*

1. A party is not in a position to complain of the inadequacy of the instructions to the jury where he fails to present requests for instructions, especially where the trial judge stated to counsel that if they would frame a point covering anything they desired him to say, he would answer it.

*Negligence—Instructions to jury—Damages for personal injury —Nervous disorders—Fright—Hysteria.*

2. An instruction to a jury in an action for personal injuries alleged to have been caused by defendant's negligence, was to the effect that if the jury believe that the plaintiff "is suffering from some physical injury which resulted from the accident, then you should return a verdict in her favor for such a sum of money as you believe, paid to her to-day, will compensate her for the financial loss she suffered by reason of the negligence of the defendant's employees at the time and place to which I have already adverted."   To which the court added, when counsel suggested that the instruction carried with it the inference that if there was a physical injury, she was entitled to all her loss: "You understand that any verdict you render in favor of the plaintiff in this case must only be compensation for the physical injuries that have resulted by reason of this accident, together with compensation for such nervous disorders as are connected with and naturally result from the physical injury, but there can be no recovery by the plaintiff of any amount on account of fright or mere hysteria." *Held,* that the instruction was entirely free from error whether standing alone or in connection with the other portions of the charge.

Argued Jan. 17, 1919. Appeal, No. 111, Jan. T., 1919, by defendant, from judgment of C. P. No. 2, Philadelphia Co., Dec. T., 1916, No. 2860, upon a verdict for plaintiff in the case of Katherine B. Hubbard v. Philadelphia Rapid Transit Company. Before BROWN, C. J., MOSCH-ZISKER, FRAZER, WALLING and KEPHART, JJ. Affirmed.

Trespass to recover damages for personal injuries sustained by plaintiff while a passenger on a trolley car, as a result of a collision between cars. Before WESSEL, J.

The court charged, inter alia, as follows:

["If you believe on the other hand that she is suffering from some physical injury which resulted from the accident, then you should return a verdict in her favor for such a sum of money as you believe, paid to her today, will compensate her for the financial loss which she suffered by reason of the negligence of the defendant's employees at the time and place to which I have already adverted."

Defendant's exception:

"Mr. Schoch: [I ask an exception].......also to that part of the charge which says that if there was some physical injury that they should award the plaintiff such an amount that it would compensate her for her financial loss, because it carries with it the inference that if there was any physical injury she is entitled to all her loss."

Action of the court upon the exception:

"The Court: Gentlemen of the jury, you understand that any verdict you render in favor of the plaintiff in this case must only be compensation for the physical injuries that have resulted by reason of this accident, together with compensation for such nervous disorders as are connected with and naturally result from the physical injury, but there can be no recovery by the plaintiff of any amount on account of fright or mere hysteria."] (3)

Verdict and judgment for plaintiff for $15,000. Defendant appealed.

*Errors assigned* were (1, 2) inadequacy of the charge, and (3) the portion of the charge relating to damages, quoting it as above.

*Russell Duane,* with him *Layton M. Schoch,* for appellant.

*Francis M. McAdams,* with him *Paxson Deeter* and *John C. Bell,* for appellee.

PER CURIAM, February 17, 1919:

It is conceded that this case was for the jury, but complaint is made of the charge. Two of the three complaints of the appellant are of its inadequacy. It was of some length, and, at the conclusion of it, the learned trial judge stated to counsel that if they would frame a point covering anything they desired him to say, he would answer it. No such point was presented, and counsel are not now in a position to complain of the inadequacy of the instructions to the jury. The third complaint is of that portion of the charge which is set forth in the third assignment. Whether standing alone or considered in connection with the other portions of the charge, it is entirely free from error. The assignments are overruled and the judgment is affirmed.