# Commonwealth ex rel. *v.* Hawk, Appellant.

*Habeas corpus—Municipal court—Order for support of wife and custody of children—Validity of order—Day in court—Right of appeal—Act of July 11, 1917, P. L. 817.*

The Act of July 11, 1917, P. L. 817, providing "in all proceedings now pending or hereafter brought, any party aggrieved by any order, decree, or judgment in any habeas corpus proceeding, involving the custody of children in any of the courts of this Commonwealth, shall have the right to appeal therefrom to the Superior Court," gives the right of appeal from an order of a municipal court awarding the custody of children to the relator in habeas corpus proceedings, even though the time of such custody be for an indefinite period.

Where on habeas corpus proceedings for the custody of children the record shows that no hearing was given the respondent, and no evidence was heard as to his fitness or unfitness to have the custody of his children, and that he did not have his day in court, an order of the municipal court awarding the children to the relator will be reversed.


Argued November 18, 1919.   Appeal, No. 102, Oct. T., 1919, by respondent, from decree of Municipal Court of Philadelphia, April T., 1915, No. 167, on writ of habeas corpus in the case of Commonwealth of Pennsylvania ex rel., Ellen Henrietta Hawk v. Philip Bovier Hawk. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ.   Reversed.

Habeas corpus for the custody of children.   Before BROWN, P. J.

The court entered the following decree:

This cause originally came before the court in a petition for writ of habeas corpus, issued on the twenty-first day of April, 1915, wherein it is set forth by their mother and next friend, Ellen Henrietta Hawk, that Philip Bovier Hawk, Jr., aged seven years, and Ellen Minnie Hawk, aged nine years, her two children, were

deprived of their liberty unjustly, as they apprehended, by their father, Philip Bovier Hawk, Sr.

The cause was subsequently continued on the date set for the hearing by agreement of counsel, and at the request of counsel, times were fixed when the children should see their mother. The court delegated one of its probation officers to conduct the said children from the father to their mother, and return, upon the times agreed upon by counsel, which was altered from time to time at the request of the counsel or at the suggestion of the court. The court has intimate knowledge of these children, through its probation officer, and their investigation, and was desirous of concluding the cause for the interest of the children; which was delayed by the protracted proceeding in divorce; when finally counsel, representing both parties in the proceeding offered to the court an agreement as to the care and custody of the children on the sixth day of December, 1918. This court feels, however, that it cannot avoid its responsibility for the welfare of the children, since its attention has been so closely directed to the cause, that leads it to a contrary belief. It is the firm belief of the court that the welfare of these children would be conserved if they were left a longer period with each of their respective parents, and particularly so, when involved is the custody of a girl approaching so near a time in her life, when she needs the maternal care and guidance of a mother, and to that extent the agreement that counsel presents differs with the duty that the court feels devolves upon it, in the decision of a cause of so much moment in the future of the children.

It is, therefore, ordered and decreed, that Ellen Minnie Hawk be remanded to the custody of her mother, with the right of the father to have custody of her one-third of the vacation periods during the year, and he shall have the right to the custody of his daughter, Ellen Minnie Hawk, one Saturday of each month, excepting the Saturdays when his daughter is placed in

the custody of the mother of the child during the vacation period above alluded to; and that he shall pay for the support and education of his daughter to Ellen Henrietta Hawk, the sum of ten dollars ($10) per week during the time that she is in the custody of her mother. This especially means the longer period of the summer vacation during the one-third period that he shall have possession of his daughter.

That Philip Bovier Hawk, Jr., shall be remanded to the custody of his father, with the right of the mother to have custody of him one-third of the vacation periods during the year, and she shall have the right to the custody of her son, Philip Bovier Hawk, Jr., one Saturday of each month, excepting the Saturdays when her son is placed in the custody of the father of the child during the vacation period above alluded to, and during the vacation period that Philip Bovier Hawk, Jr., shall be with his mother, the father shall pay the sum of ten dollars ($10) per week for his maintenance to Ellen Henrietta Hawk, his mother.

It is the intent of the court that during the Saturday on which either of the parents shall have the child so awarded in the above decree, that the Saturday selected by the parents for the custody of the boy or the girl in each month shall be the Saturday when both children shall be with the one parent in order that the children may have the advantage and benefit of an acquaintance with each other. This period of Saturday is selected, in order that the education of the children may not be neglected during the week day, or that the religious education of the children may not be neglected on the Sabbath day.

The writ in this case is to stand open for the further order of the court.

*Error assigned* was the decree of the court.

*Thomas F. Gain* and *Francis Shunk Brown,* and with them *Ira Jewell Williams,* for appellant.

412 COMMONWEALTH ex rel. *v.* HAWK, Appellant.

Opinion of the Court. [73 Pa. Superior Ct.

*John C. Bell, Jr.,* of *Bell, Trinkle & Deeter,* and with him *Benjamin M. Golder,* for appellee.

OPINION BY HENDERSON, J., February 28, 1920:

The relator procured a writ of habeas corpus on April 21, 1915. She alleged in her petition that her children, Philip Bovier Hawk, Jr., aged 7 years, and Ellen Minnie Hawk, aged 9 years, were unjustly deprived of their liberty by their father, Philip Bovier Hawk, the respondent. The parents of the children were living apart and divorce proceedings between them were pending. For reasons satisfactory to the counsel on the respective sides this case was continued by agreement on April 27, 1915. Efforts were made by the counsel to make such arrangements between the parties with reference to the children as would be mutually satisfactory, the conclusion of which was an agreement dated the 6th day of December, 1918, which provided that the children should be in the care of their father and mother respectively at the times and for the periods set forth in the agreement. Provision was also made for the payment by the husband to his wife of a weekly allowance until her remarriage and for the board of his daughter. This agreement was presented to the court for approval in order that it might be officially recognized. The court declined to accept the agreement and thereupon proceeded to make the order which is the subject of this appeal. There was no hearing on the merits of the case, nor was there any time fixed for a hearing. No application had been made in the case for an order on the appellant to pay any sum to his wife. The decree of the court was, therefore, not responsive to the pending inquiry; the only question being whether the agreement entered into by the parties was acceptable to the court. The appellant, as the father of the children, was a lawful custodian of them, and no evidence was taken in the case to show his unfitness or the fitness of the relator. In the ab-

sence of testimony to show that either of them was unfit to care for their children, no reason was disclosed at the trial to show that the agreement entered into by them was not a proper one. It is set forth in the opinion of the learned president of the municipal court that he had knowledge derived from a probation officer which influenced his action, but this witness was not called and the respondent was entitled to a hearing if averments were made affecting his right to the control of his children. No evidence was taken as to the allowance of $10 per week to the wife. The appellant complains that he was required to make the payments referred to without having been heard and that the custody of the children was directed by the court without evidence as to the rights of the appellant. It is said in the brief of the appellee that an opportunity was given by the court to the counsel of the respondent for a hearing, and that it was stated none was desired. This is denied by the appellant's counsel and the record discloses nothing more than an averment by the relator in answer to the petition to vacate the decree that she is advised that when the draft of the agreement was submitted to the court on December 5th, counsel were asked whether they desired a hearing in the case, to which they replied in the negative. It is not stated by whom she was so advised and the appellant joined issue in the replication with the relator's averment. The record thus made up does not sustain the contention of the appellee that a hearing was waived. It is further alleged, however, that a letter was addressed by the trial judge to the appellant's counsel suggesting that he and the relator's counsel get in touch with each other for the hearing of the case as per the request of each of them and arrange a time when the matter could be further heard; in the meantime the decree entered to stand. Nothing seems to have come of this suggestion, and we do not see that it is important as it was written some time after the decree from which the appeal was taken. It discloses a willing-

ness on the part of the court to hear the respective litigants on an application to set aside the decree, but it does not avoid its effect on the appellant. It is unnecessary to enter into a discussion to show that when a father is to be required to give up the control of his children and to pay money to his wife who is not living with him he is entitled to a day in court and we do not understand the learned counsel for the appellee contend otherwise. What they say is that a hearing was waived, but we are unable to find such a fact established by the record. The neglect to get in touch with the relator's counsel as suggested by the court was not a waiver of a hearing. The decree had already gone against the appellant and the latter gave notice to his counsel that that decree was to stand pending a hearing on the application to set it aside. Commonwealth v. Nowyokot, 39 Pa. Super. Ct. 502, and Hubbard v. Rapid Transit Company, 263 Pa. 586, on which the appellee relies are not authorities for the position contended for. They related to transactions occurring in the course of the trial and before a verdict when the particular subject was under consideration. If the counsel neglected then at the appropriate time to apply for the relief desired, it was too late after taking the chance of a favorable verdict. The Act of 1897, P. L. 68, limited the time within which an appeal could be taken, and the appeal to which the respondent was entitled was from the decree of the court relating to the custody of the children and the payment of money to the respondent's wife.

It is further objected that the order assigned for error is interlocutory and Commonwealth v. Blatt, 165 Pa. 213, is relied on to support that proposition. The order was carefully drawn and was intended to operate for a considerable time as is evident from the provision relating to the recurring school vacations. It appears to be an order responsive to the original petition covering the whole subject involved. It closes with the direction that the case is to stand open for the further order of the

court and in that respect it is like Commonwealth v. Blatt, supra. Conceding what is contended for as the effect of that decision, the language of the Act of July 11, 1917, P. L. 817, is broad enough to allow an appeal from the order referred to. It provides that "in all proceedings now pending or hereafter brought, any party aggrieved by any order, decree, or judgment in any habeas corpus proceeding, involving the custody of children in any of the courts of this Commonwealth, shall have the right to appeal therefrom to the Superior Court, etc." Habeas corpus proceedings are of a special character and in the case of the custody of children of a delicate nature. An order in such a case may operate for a longer or shorter period or for an indefinite time. There is a great propriety therefore in permitting the review of such an order so often vitally affecting the welfare of children. The language of the statute is clear; it expresses in unequivocal terms the intention of the legislature and is entitled to the construction which its terms so evidently demand. We are unable, therefore, to agree with the learned counsel that the statute was not enacted for the purpose of giving relief in such cases as that before us. We are all of the opinion that the decree must be reversed with respect to the custody of the children because the appellant was not heard, and with respect to the order for the payment of money because it was not entered pursuant to the exigencies of the case.

The decree is reversed with a procedendo.