## Commonwealth ex rel. Ludlam v. Miller et al.

*Parent and child—Custody of child—Rights of father—Grandparents.*

1. The *prima facie* right of the father to the custody of his child, born in lawful wedlock, is beyond doubt. The general rule is that the father is entitled to the custody of his infant children, that right growing out of his obligation to maintain and educate them.

2. Upon *habeas corpus* for the custody of a minor child, it appeared that the child was of such nervous condition that it might be injurious to her mental and physical well-being to take her away from the grandparents who had been caring for her, and her father's petition for her custody was for that reason refused. Subsequently it was shown to the court that the situation at the home of the grandparents had changed, and the court found that in the home of either the grandparents or the father the wants of the child would be adequately supplied and its future welfare properly cared for: *Held*, under such evenly balanced conditions, the right of the father in and to his minor child could not be disregarded, and custody of the child was awarded to the father.

*Habeas corpus.* C. P. Dauphin Co., Jan. T., 1922, No. 567.

*Spencer Gilbert Nauman* and *James Hay Simms*, for petition.

*W. Justin Carter*, contra.

Fox, J., March 1, 1923.—This proceeding was by a writ of *habeas corpus* for the custody of a minor child by the relator, the father. A hearing was had, testimony taken, and on May 1, 1922, we filed an opinion directing that the child, Helen Frances Ludlam, be left in the custody of its grandparents, George Miller and Harriett M. Miller, the respondents (Com. ex rel. Ludlam v. Miller et al., 2 D. & C. 456). The order was not a final one, but the writ of *habeas corpus* remained pending, subject to such further order as might be adjudged by the court thereafter to be right and proper in the relation to the custody of said minor.

In December, 1922, the petitioner in the writ, Edward Ludlam, requested the court for final judgment, and further depositions were taken.

After due and careful consideration of the whole of the testimony taken, before the interlocutory order was made, and since then, we see no positive

Commonwealth ex rel. Ludlam *v.* Miller et al.

reason why the father should be further denied the custody and companionship of his daughter. The depositions show a change in the condition at the home of the grandparents, who have tenderly and properly taken care of the child since its infancy and since its mother's death. At the time the interlocutory order was made, there lived with the defendants, their daughter, a young lady who assisted the grandmother in taking care of the child. This daughter has since been married and has moved from the home of her parents, and the grandparents alone are now taking care of the child. As time passes on, the grandparents will, in the nature of things, become less able physically to do so.

The father is now married and has a comfortable home and is an industrious, thrifty and good man; the stepmother, the evidence shows, is a healthy, affectionate and religious woman, and she is anxious to take and rear the child in the home of its father, her husband, in a proper manner.

The first and most important question in such case is, what will best promote the welfare of the child? Between the two homes, that of the grandparents and that of the father, matters are fairly evenly balanced. We believe that in the home of either one the wants of the child would be adequately supplied and its future welfare properly cared for. Under these evenly-balanced conditions, we cannot disregard the interest and right of the father in and to his minor child. The *prima facie* right of the father to the custody of his child, born in lawful wedlock, is beyond doubt. The general rule is, that the father is entitled to the custody of his infant children, that right growing out of his obligation to maintain and educate them: Heinemann's Appeal, 96 Pa. 112. The presumption of law is that it is for the interest and benefit of the children that they should be under his care and control. This right can only be taken from him when the evidence is clear and satisfactory that it is for the best interest of the children that they should not be in the custody of the father. In the case of Com. ex rel. *v.* Blatt, 165 Pa. 213, Mr. Justice Fell said: "The legal right of the parent to the custody, care and companionship of his children is not to be interfered with except for the most substantial reasons affecting their welfare."

We cannot find from the evidence that the permanent welfare of the child would be injured by the father having it under his care and control. Hence, his custody of the child should not be interfered with.

We cannot overlook the care and attention which the grandparents have so affectionately bestowed upon the child, and from the evidence in the case, we believe that it will be grevious to them to part with the child. We think that matters should be so arranged that the child shall visit the grandparents at different times of the year, and that there shall be no alienation of the child from them, but that the tender love which has hertofore existed shall continue to exist throughout their lives.

### Final order.

And now, March 1, 1923, on consideration of the whole of the testimony taken in the above entitled matter, it is ordered and decreed that Helen Frances Ludlam, said minor child, be remanded to the care and custody of its father, Edward D. Ludlam, and that she be delivered to him at Harrisburg, Dauphin County, Pennsylvania, by the respondents, George Miller and Harriett M. Miller.

The costs in this case are to be paid by the relator, Edward D. Ludlam.

From William Jenkins Wilcox, Harrisburg, Pa.