Commonwealth of Pennsylvania ex rel. Meyer Bloomfield, Appellant, *v.* Benjamin Faxstein.

*Parent and child — Grandparents — Custody of minor child — Habeas corpus—Act of July 11, 1917, P. L. 817.*

In an action of habeas corpus brought by a parent to secure the custody of a minor child, the Act of July 11, 1917, P. L. 817, re-

244 COM. ex rel. BLOOMFIELD, Appel., *v.* FAXSTEIN.

Syllabus—Arguments.    [84 Pa. Superior Ct.

quires the court to consider the testimony, and make such order upon the merits of the case as to right and justice shall belong.

In all such cases the paramount consideration is the best interest and permanent welfare of the child.

While the general rule is that the parent has the first right to the custody of his infant child, this right must be yielded if the child's welfare would be more secure elsewhere.

An order permitting the child to remain in the custody of her grandparents will be affirmed where it is established that it would be to the best interest of the minor.

Argued October 15, 1924.    Appeal, No. 59, Oct. T., 1924, by relator, from order of the Municipal Court of Phila. Co.    Petition for habeas corpus No. 6522, in favor of the respondent, in case of Commonwealth of Pennsylvania ex rel. Meyer Bloomfield v. Benjamin Faxstein, respondent.    Before ORLADY, P. J., HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ.    Dismissed.

Habeas corpus for custody of minor child.    Before LEWIS, J.

The facts are stated in the opinion of the Superior Court.

The court awarded custody of the child to the respondent.    The relator appealed.

*Error assigned* was the order of the court.

*Ralph S. Croskey,* for appellant.—Assuming that the child's welfare would be equally secure in the care of either relator or respondent, the legal right of the father must over-ride the claim of the grandfather: Com. ex rel. S. D. Parker v. H. S. Blatt, 165 Pa. 213; Com. v. Anderson, 1 Ash. 55; Heinemann's App., 96 Pa. 112; Pote's App., 106 Pa. 574; Com. v. Black, 79 Pa. Superior Ct. 409; Com. v. Hawk, 73 Pa. Superior Ct. 409.

*Lewis S. Colfelt,* and with him *Samuel W. Salus,* for appellee.

COM. ex rel. BLOOMFIELD, Appel., *v.* FAXSTEIN. 245

244, (1924).]          Opinion of the Court.

OPINION BY GAWTHROP, J., December 12, 1924:

A writ of habeas corpus was issued at the relation of Meyer Bloomfield to obtain the custody of his daughter, Isabel, who was twelve years old. The child was brought into court by one of her maternal grandparents, the respondent. The child's mother and father were divorced by decree of the Court of Common Pleas No. 1 of Philadelphia County on June 17, 1918. From that time until March 5, 1919, the divorced wife and child resided in the home of the respondent. On that date the mother was admitted to the State Hospital for the Insane at Norristown, Pennsylvania, where she has since been confined. The daughter, Isabel, continued to reside with the respondent at 4224 Parkside Avenue, Philadelphia. The relator is in the optical business in Chester, Pennsylvania, and boards at a private house. The home is apparently a good one, but the same may be said of that of the respondent. The evidence is convincing that the child is being well reared by the grandparents. The court below had some difficulty in deciding the case, but finally made an order allowing the respondent to retain possession of the child with leave to the relator to renew the application at a later date. In all such cases the paramount consideration is the best interest and permanent welfare of the child. While the general rule is that the parent has the first right to the custody of his infant child, this right must be yielded if the child's welfare would be more secure elsewhere. Of course, it is important that a child shall not be estranged from its parents, and those having its custody must not do anything to cause that result. The main consideration which moved the court below may be found in the following quotation from its opinion: "The child is, from all the testimony, well and favorably placed at the present time. The father intends to take the child to Chester, and to have her live among strangers in a house where he is only a roomer, and where, at best, it seems to us she will not receive the care and attention from those

strangers while the father is away at his place · of business.". The Act of July 11, 1917, P. L. 817, requires this court to consider the testimony and make such order upon the merits of the case as to right and justice shall belong.   After due consideration of all the testimony, we can readily understand the conclusion of the court below that, under the circumstances, there is better prospect of proper care and environment in the respondent's home than with the father.   All the members of the court have come to the conclusion that the welfare of the child will be best conserved by allowing the order appealed from to stand.

The appeal is dismissed at the cost of appellant.