Commonwealth ex rel. Miller *v.* Barclay et ux., Appellants.

Argued April 15, 1929.

Before TREX-
LER, KELLER, LINN, GAWTHROP, CUNNINGHAM and BALD-
RIGE, JJ.

*H. H. Fisher,* and with him *P. K. Shaner,* for appellants.

*Carroll Caruthers,* and with him *Andrew G. Uncapher* and *J. Raymond Sowash,* for appellees.

OPINION BY KELLER, J., July 2, 1929:

This proceeding is concerned with the custody of a little girl, less than three years old when the writ issued. She was born on June 28, 1925, in Marion, Ohio, where her parents lived. Four days later the mother died, and the father, who had no relatives in Marion and was unused to the care of such a small baby, contemplated placing her in a local hospital, for temporary nurture, until he could get a housekeeper and adapt his home to the changed conditions; but was

persuaded to leave the child with his sister, who with her husband, the other respondent, had importuned him to let them look after her. The court below has found that the evidence did not justify the conclusion that the father intended to surrender his daughter to the respondents, or give up his control over her, or sever the parental relation and be relieved of the obligations growing out of the same; and we concur in the finding. There was no abandonment of the child by him. He reluctantly yielded her physical keeping to respondents, at the solicitation of his relatives, because he was satisfied that it was for her best interests at the time, but subject to the condition, expressed by him, that he would pay for her support and maintenance. He lived about three hundred miles distant from the respondents' home in this State, but often came to see the child and made regular remittances for her support.

He is now married again and to a very worthy woman. He has a good home and is desirous of having his child there with him. His wife joins in this desire. Nothing derogatory to the character of either of them has been suggested. The respondents, who have grown to love the child, refuse to give her up. They, likewise, are people of good character and have taken excellent care of the child. The court below awarded the child to the custody of its father.

It is the law of this Commonwealth that parents, prima facie, have the right to the custody of their children. This right is not an absolute one; it may be forfeited by the misconduct of the parents, or for other substantial reasons affecting the welfare of the child. The criterion is the best interest and permanent welfare of the child: Com. ex rel. Bloomfield v. Faxstein, 84 Pa. Superior Ct. 243; but "the legal right of the parent to the custody, care and companionship of his children is not to be interfered with except for

318

the most substantial reasons affecting their welfare;" Com. ex rel. Parker v. Blatt, 165 Pa. 213.

Ordinarily, a parent is entitled to the custody of his infant child, the right growing out of the obligation to maintain and educate it. This is not because of any absolute right in the father, but for the benefit of the infant, the law presuming it to be for its interest to be under the nurture and care of its natural protector, both for maintenance and education: Heinemann's App., 96 Pa. 112. The law proceeds on the theory that as a general rule the permanent welfare of the child is best promoted by entrusting it to its natural guardian, its parent, and strong reasons must appear for a departure from the usual course. That respondents have become greatly attached to their niece is not a sufficient reason in law for depriving the father of his natural right to the custody, care and companionship of his child, when he has done nothing to justify such interference.

The order of the court below is affirmed at the costs of the appellants.