## Beaver's Appeal.

Argued December 12, 1935.

Before KELLER, P. J., CUNNINGHAM, BALD-
RIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*P. B. Roads,* for appellant.

*L. E. Enterline,* for appellee.

OPINION BY BALDRIGE, J., January 31, 1936:

This is a contest over the custody of a minor child.
It originated by a petition being presented by the
mother, Tessie Beaver, to the orphans' court.

Ruth Elizabeth Beaver, the minor, was born August
6, 1930. Her father died March 11, 1934, leaving to
survive him, in addition to his wife and Ruth, another
little girl one year younger. The petitioner and her

husband were not living together at the time of his death. Ruth was at the home of Philip Beaver and Elizabeth Beaver, his wife, her paternal grandparents, where she was taken in 1932 by her father without the mother's consent; the other child was with her mother. After the father's death, the mother made demands for the custody of Ruth, which were refused. The grandfather had been appointed guardian of the person and estate of this child, but the orphans' court, on July 23, 1934, revoked his appointment, and, on the same day, the Schuylkill Trust Company of Pottsville was made guardian, in his stead, of the person and estate of the minor, and it was decreed that she remain with Philip Beaver until further order of the court.

A considerable amount of testimony was taken respecting the fitness of the mother to care for her child. It was shown by disinterested neighbors, who had observed the mother's conduct, that she was a good housekeeper, made the children's clothes, exercised proper control over them, gave them religious training, and, in general, manifested a maternal interest in their welfare. Although the paternal grandparents, in the basement of whose house the mother lived for a time, and members of their family testified that she did not keep Ruth clean, or properly feed her, they made no derogatory reflection on her moral character.

The trial judge recognized and definitely held that the proper criterion in a case of this nature is the best interest and permanent well-being of the child: Com. ex rel. Bloomfield v. Faxstein, 84 Pa. Superior Ct. 243. A mother has the prima facie right, especially where the child is of tender years and the father is dead, to its custody, care, and companionship, and that right is not to be interfered with except for most substantial reasons: Com. ex rel. Parker v. Blatt, 165 Pa. 213, 30 A. 674; Com. ex rel. Rockey v. Hoffman, 91 Pa. Superior Ct. 213; Com. ex rel. Fell v. Brown, 100 Pa. Su-

perior Ct. 353. No sufficient cause has been advanced why the nurture, care, and education of this child should not be under the direction of her mother, who has a comfortable and properly conducted home, where she may have not only the care of a competent parent, but the companionship of a little sister.

Although the jurisdiction of the orphans' court was not specifically raised in the court below, the appellant questions it in this appeal. We are aware that the orphans' court has no common-law or general jurisdiction; its jurisdiction is purely statutory (Farrer v. Denning, 11 Pa. Superior Ct. 62, 65); but we have express legislative authority giving the orphans' court jurisdiction over the person of a ward. Section 59 (a) of the Fiduciaries Act, approved June 7, 1917, P. L. 447 (20 PS §1021), provides that "the orphans' court of each county shall have the care of the persons of minors resident within said county, and of their estates." A guardian appointed by the orphans' court, who, in this case, is not objecting to its order, is always under the court's control and is subject to its directions as to the person, as well as the property, of the ward. We would not be justified in, nor are we desirous of, setting aside the orphans' court order, which was made with proper and sound discretion. We do not find any appellate authority discussing jurisdiction of the orphans' court, but, as we have seen, the statute very plainly gives it jurisdiction. In re: Petition for the Adoption of a Minor, 62 Pgh. L. J. 216, where the paternal grandmother petitioned for the adoption of a minor boy, the late Judge SHAFER, for whose opinions our appellate courts have high respect, in refusing to grant the petition, said: "We are clearly of the opinion that a petition for adoption is not a proper proceeding in which to try such a matter. As the petitioner is already guardian of the boy's person, it is her duty to determine where he shall live and how he shall be brought up,

under the supervision of the orphans' court, which is the proper tribunal to direct the disposition of a child where there are no parental rights to interfere."

When Philip Beaver secured from the orphans' court his appointment as guardian of the person and estate of this child, he submitted himself to its jurisdiction and he is bound by its order in the premises.

We find no reason to interfere with the order of the learned court below, who had the advantage of seeing and hearing the parties and their witnesses, and concluded that the best interests and permanent welfare of the child would be attained by placing her in the care of her mother.

Decree of the lower court is affirmed, at appellant's costs.