Commonwealth ex rel. Harry *v.* Eastridge, Appellant.

50

·Argued October 3, 1952. Before RHODES, P. J., HIRT, RENO, DITHRICH and ROSS, JJ. (ARNOLD and GUNTHER, JJ., absent).

*Francis H. S. Ede,* for appellants.

*Paul A. McGinley,* for appellee.

OPINION BY RHODES, P. J., November 12, 1952:

This is a habeas corpus proceeding which involves the question whether the welfare and best interests

of the children shall prevail over the application of the general rule that a mother has a prima facie right to the custody of children of tender years. Rigid adherence to this rule may produce unfortunate results. Certainly a woman of questionable conduct who has failed to fulfill her maternal duties should have no preferential claim to the custody of any child. It is essential that a mother attempt to be a good housekeeper; that she properly feed and clothe her children; that she exercise proper supervision over them; that she give them religious training; and that she manifest a maternal interest in their welfare. See *Beaver's Appeal,* 121 Pa. Superior Ct. 159, 161, 182 A. 744. Only the most unusual circumstances and compelling reasons require a child to be nurtured in an environment where there is an absence of such requisites. Minor children, being wards of the state, may be taken from their parents when their welfare so requires. *Com. ex rel. Bachman v. Bradley,* 171 Pa. Superior Ct. 587, 593, 91 A. 2d 379.

This action was instituted in Northampton County by relatrix to obtain custody of her two children after she had obtained a divorce from her husband, the father of the children. The children, two girls, were born on October 7, 1946, and December 5, 1947, respectively. The respondents have had the children without interruption since October 7, 1950. From December, 1949, to May, 1950, the older child had lived with them.

At the hearing on relatrix' petition for writ of habeas corpus, it was stipulated that the testimony taken in an adoption case in Lackawanna County between the same parties be made a part of the present record. In reference to that proceeding before Judge BRADY in the Orphans' Court of Lackawanna County, it may be said that the decree of the orphans' court refusing the petition for adoption of the two children in

no way determines that the custody of the children must be given to the relatrix. *Oelberman Adoption Case,* 167 Pa. Superior Ct. 407, 414, 415, 74 A. 2d 790. The adoption case was decided on the ground, as the orphans' court found, that the abandonment of the children by the mother had not continued for a period of six months, and, in the absence of necessary consents by both parents, the court refused the decree of adoption. The father had given his written consent to the adoption of both children by the respondents.

Relatrix and her husband lived in Fullerton, Lehigh County, and they had for many years been acquainted with respondents. In October, 1950, relatrix and her husband and other members of relatrix' family asked respondents to take the children as relatrix and her husband were separating. On October 7, 1950, respondents received the children and took them to Scranton where respondents resided at the time. They subsequently moved to Northampton County, the change in residence being required by the employment of respondent-husband with the American Telephone and Telegraph Company. The testimony establishes that respondents took the children with the understanding that they were to be adopted. Relatrix and her husband were divorced on March 26, 1951. There was credible testimony to the effect that much of their marital differences arose because of relatrix' neglect of the children. We are convinced from the evidence that the children were ill-fed, abused at times, and generally not given proper care by relatrix. Since her divorce she has lived in many places in the city of Allentown, and we think she was willing to be relieved of the children's care in order that she might lead a free and unrestrained life. Relatrix is employed and intends to continue her employment even though she obtains custody of the children. She would take them

to her mother's home, a six-room "twin home" with attic, in Allentown, where her sister and her husband reside with their two children. Relatrix' mother, her sister, and her brother-in-law are all employed. Relatrix would have a woman look after the children during the day, although she did testify that her sister would quit work in order to care for them. The court below recognized that the living conditions to be provided by relatrix would doubtless be changed if and when she married the individual with whom she was keeping company. We are not inclined to approve such a gamble or risk the welfare of the children to such a contingency. She admits that she spends much time at the home of this man and stays all night at least once a week. We are not impressed with her version of this association; it is contradicted by other testimony. The father, who has an obligation to maintain and educate his children, is not without some interest in their welfare. He testified, as did many others, that it was for the welfare of the children that they remain in the custody of the respondents, in whose home he sees the children several times a week.

There was medical testimony that when the children came to live with respondents they were suffering from malnutrition, and that their general condition has subsequently become normal.

Relatrix' right to custody is not paramount to the welfare of the children. Her conduct may not in itself be sufficient to cause her to lose her right to future custody, but this is a material element in the disposition of this case. She had manifested a desire to be relieved of the care of the children, and she was not especially concerned to whom the children should be entrusted. The willingness of respondents to accept the children was received by her with satisfaction. The lack of attention which the children received when she

had them cannot be ignored. Her roaming disposition and failure to observe ordinary proprieties are obvious characteristics. The home to which she now says she will take the children is in our judgment inadequate and relatively unsatisfactory, and the children would receive little, if any, maternal attention. They would be sent out during the day unless the sister gave up her employment. In any event, they would be obliged to live under conditions to which they should not be subjected when they may enjoy with respondents adequate and healthful surroundings.

The respondents have adequate income and own their own home near Nazareth, Northampton County. The children have schools and churches available. Judge BRADY, before whom they appeared in the adoption case, said: ". . . we find nothing in the record before us that in any way reflects on the character, integrity or fitness of the petitioners [respondents] to assume and carry out the duties and obligations of adopting parents of these minor children and from our observation of them in court they appear to be well-mannered and respectable people." And Judge WOODRING, before whom they appeared in the habeas corpus proceedings, said: ". . . we find nothing in the record that in any way reflects on the character, integrity or ability of the respondents to adequately provide for the children."

We have reviewed the proceedings as provided by the Act of July 11, 1917, P. L. 817, §1, 12 PS §1874, and we have concluded that it would not be for the best interests and welfare of the children to direct their separation from their foster parents, the respondents, and expose them to the questionable atmosphere and environment to which they would be subjected in the custody of relatrix. See *Com. ex rel. Burke v. Birch,* 169 Pa. Superior Ct. 537, 540, 83 A. 2d 426.

55

The order of the court below is reversed, and the record is remitted with direction to enter an order awarding the custody of the children, Kathleen Marie Harry and Patricia Ann Harry, to the respondents, Spencer D. Eastridge and Grace R. Eastridge, subject to the right of the relatrix to visitation at proper and reasonable times within the jurisdiction of that court.