## Commonwealth ex rel. Hespelein *v.* Hespelein, Appellant.

Argued April 9, 1945. Before BALDRIGE, P. J., RHODES, HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*John J. Galbo,* with him *Burton R. Laub,* for appellant.

No one appeared or filed a brief for appellee.

OPINION BY BALDRIGE, P. J., April 26, 1945:

This is a habeas corpus proceeding involving the custody of a boy who is now nearly six years of age. The father is the real relator[1] and the mother is the respondent.

The parties who reside in the city of Erie, Pennsylvania, separated during the latter part of March 1942, at which time the boy was three years of age. He remained with his mother who continued to live at the marital residence. On June 4, 1942, the father initiated this proceeding, and after a full hearing the Court, on June 11, 1942, awarded custody of the boy to the mother. The father, however, was given the right of visitation on Tuesdays and Thursdays of each week and the first and last Sundays of each month. The mother was to have "the child ready so that the father or the [paternal] grandparents ...... may call for the child at nine o'clock A.M., the ...... child to be returned to the mother's residence not later than eight o'clock, P.M."

This arrangement apparently proceeded satisfactorily for a short time when beginning in September, 1942, the mother refused to comply with the order of the Court by denying the father the right of visitation as specified. A petition for contempt was filed by the father and a rule granted. After hearing, the rule was discharged and the costs placed on the petitioner.

The father entered the military service of the United States on March 14, 1944. Thereafter the mother refused to allow the paternal grandparents to take the child to their home on the occasions specified in the order of June 11, 1942; nor would she allow the father to see the boy when he was in Erie on a short leave from his base. After having been informed of this the

[1] The proceeding is captioned, "Theodore M. Hespelein [son] by his father and next friend, Theodore A. Hespelein v. Miriam E. Hespelein." It should have been captioned, "Commonwealth of Pennsylvania ex rel. Theodore A. Hespelein v. Miriam E. Hespelein" and we have so altered it in this court.

court below directed the sheriff to deliver the boy to his father for visitation in accordance with the order of June 11, 1942, which was done. The paternal grandfather filed a petition in this case with the court below, averring, inter alia, that the mother refused to allow the relator and the petitioner and his wife to see and have the boy in their custody as required by the order of June 11, 1942, that he was not receiving the proper care, and prayed that his custody be awarded to the petitioner and his wife. After a hearing on this petition, the Court awarded custody of the boy to the paternal grandparents. An appeal was taken by the mother from that order and we granted a supersedeas.

We do not understand why the petition of the paternal grandfather for modification of the original order was even entertained by the Court below. He was not a party to the proceeding, and it is to be noted that the original order gave the right of visitation only to the father. However, in view of the unusual circumstances presented by this case, we shall treat the petition for modification exactly as if it had been filed by the father.

In reviewing proceedings of this nature our duty is prescribed by the act of July 11, 1917, P. L. 817, §1, 12 P. S. §1874, which directs that we "shall consider the testimony and make such order upon the merits of the case, either in affirmance, reversal or modification of the order appealed from, as to right and justice shall belong." *Hixon's Appeal*, 145 Pa. Superior Ct. 33, 20 A. 2d 925.

The needs of a child of tender years are usually, but not always, best served by the mother. *Com. ex rel. Keller v. Keller*, 90 Pa. Superior Ct. 357.

The mother's attitude in this matter apparently has caused the court below considerable vexation, but we do not feel that this circumstance should affect the child's best welfare and justify the order from which this appeal was taken. A careful study of the testimony, on both sides, convinces us that the mother is a

fit and proper person to rear the child, and that the best interest and permanent welfare of the child for the present, at least, will be promoted by giving the mother the custody, under such terms and conditions as may seem just and proper to the court below, taking into consideration all of the circumstances.

We may add, however, that we do not countenance the mother's refusal to allow the father to visit his son when he is home on leave from the military service, and caution her to comply with such future orders as the court below may make. Nor do we approve any laxity on the part of the relator to comply with any agreements or orders of court relative to the support of the respondent and the child. Of course, while the relator is in the military service, the payments will no doubt be prompt, but we add this as an admonition to govern the future conduct of the parties.

The appeal is sustained, the order reversed, and the record remitted to the court below to enter an order awarding the custody of the child to the mother with the right of visitation in the father under such terms and conditions as may appear just and proper under all of the circumstances.