Commonwealth ex rel. Pescatore, Appellant, *v.* Pescatore.

Argued November 14, 1945. Before RHODES, RENO, DITHRICH, ROSS AND ARNOLD, JJ. (BALDRIGE, P. J., and HIRT, J., absent).

*Gilbert Cassidy, Jr.,* for appellant.

*William A. Gray,* for appellee.

OPINION BY ARNOLD, J., January 18, 1946:

The court below dismissed a writ of habeas corpus issued at the relation of the mother to obtain custody from the father of their two boys, ages four and one. The children, for about a year, had been in the custody of the father, a physician living with his parents. The relator is a trained nurse in private duty living with two other women in two bedrooms, kitchenette-dinette, living room and bath. The father resides with his parents in a comfortable three-story house. No serious complaint was made against the respondent's place of residence and no complaint that he was unfit to have the children, nor any criticism of his family. The relator

testified that she intended to continue working· in her profession. Respondent obtained a final decree in divorce from the relator on November 17, 1944 on the ground of indignities to person. She secured a rule to open that decree and defend, which rule was undisposed of at the time of the habeas corpus hearing. All these facts appeared in conjunction with the relator's case. The evidence taken on behalf of the relator showed no reason to justify taking these children from the father except that the relator was the mother, and this does not ipso facto entitle her to custody, where the evidence also discloses that the welfare of the children will be detrimentally affected.

The governing criterion is the welfare and interest of the children, and we agree with the court below that, under the evidence, this is best served "by continuing them in the father's custody, accentuated as it is by the grandparents' care and aid." It is only where no reason appears to the contrary that the mother is entitled to an award of children of tender years as in *Commonwealth v. Addicks,* 5 Binney 519; *Hixon's Appeal,* 145 Pa. Superior Ct. 33, 20 A. 2d 925, and other similar cases.

The order is affirmed at the cost of the relator.