Commonwealth ex rel. Crilley et al., Appellants,
*v.* Laird.

Argued November 20, 1946. Before BALDRIGE, P. J., RHODES, HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*Harry C. Liebman,* with him *Paul R. Sand,* for appellants.

*Albert H. Pearce,* with him *Reilly & Pearce* and *Thomas J. Reilly,* for appellee.

OPINION BY HIRT, J., January 17, 1947:

Appeals were taken by the mother[1] of two minor children, from the order of the court below, awarding custody of both of her children to the respondent.

Helen M. Crilley lived with her husband William F. Crilley and their four children at 147 Siegel Street in Philadelphia. When the parents separated on June 23, 1944, Helen M. Crilley left their common home to live elsewhere, and the children remained with their father. Later, when seriously ill, William F. Crilley gave the custody of his daughters Ellen A. and Theresa L. Crilley, respectively 14 and 6 years of age, to his sister, Helen Laird, the respondent. He died on August 9, 1945. Thereafter, relatrix returned to 147 Siegel Street to live and there set up a home for herself and her two sons, now 16 and 17 years of age. Respondent

---

[1] This case as originally brought was captioned "Commonwealth ex rel. Ellen A. Crilley and Theresa L. Crilley by their mother and next friend, Helen M. Crilley v. Helen Laird". The title is amended to "Commonwealth of Pennsylvania ex rel. Helen M. Crilley v. Helen Laird". Cf. *Com. ex rel. Hespelein v. Hespelein,* 157 Pa. Superior Ct. 224, 42 A. 2d 189.

has had custody of the two girls since the death of their father and in this habeas corpus proceeding the court awarded custody of these two children to her, subject to the right of relatrix, their mother, to have them for definite periods at stated times.

Since the father is dead, relatrix as mother of the children has a prima facie right to their custody. But that right is not absolute and may be invaded or entirely nullified, though only for most substantial reasons affecting the welfare of the children. *Com. ex rel. Miller v. Barclay*, 96 Pa. Superior Ct. 315; *Beaver's Appeal*, 121 Pa. Superior Ct. 159, 182 A. 744. In disposing of this appeal it is for us to "consider the testimony and make such order upon the merits of the case . . . as to right and justice shall belong." Act of July 11, 1917, P. L. 817, 12 PS 1874. In our view the award of custody made by the court in this case is amply justified by the evidence; the order will be affirmed.

Respondent's house is spacious and is located in a high-class residence district with school, church and adequate playgrounds, nearby. Relatrix's home, in contrast, is small; it is on the edge of a manufacturing district and is some considerable distance from both suitable schools and church. But relatrix is maintaining a home in the same house where the family lived before the separation of the parents. Relatrix's home is adequate, though barely so, and she cannot be deprived of the custody of her children merely because a better home in physical aspects, or a higher standard of living, can be provided for them elsewhere.

Even where a mother asserts a right to custody, the best interest and permanent welfare of the children are the controlling considerations. *Com. ex rel. Bloomfield v. Faxstein*, 84 Pa. Superior Ct. 243; *Com. ex rel. Pescatore v. Pescatore*, 158 Pa. Superior Ct. 349, 45 A. 2d 259. The testimony here supplies substantial reasons which justify the order in this case on two grounds.

Shortly before relatrix separated from her husband, she suffered a serious mental disorder. Her physician diagnosed her malady as dementia praecox and on his advice she was admitted to a sanatorium where she received shock treatment for a period of two months ending December 26, 1943. The diagnosis of the physician there in charge was that she was suffering from manic-depressive insanity. Both of these physicians may be wrong in their diagnoses (and there is evidence supporting that view in the opinion advanced by an outstanding specialist in nervous and mental disorders, who testified for relatrix) but if either of them is right, relatrix is subject to a mental derangement which may recur. A recurrence of either type of insanity would likely create a hazard to the well-being of other members of the household. Since the interests of children are vitally involved, no court should be asked to accept the responsibility of deciding that there is no danger of recurrence of relatrix's mental disorder in the conflict of expert medical opinion on that point.

In any view the order is right because relatrix is unable, for the present at least, to give her daughters necessary supervision and proper care in her household. Relatrix is steadily employed and her working hours are from 3:30 in the afternoon until midnight of each working day. So long as that continues to be her working schedule, she and her daughters would be home together only from midnight until early morning each day, except at week ends. She would have little opportunity to give her daughters any attention. Relatrix's two sons are also employed. The working day of one of them ends at 4:30 each day and it is to him that she would entrust the supervision of her daughters and even the preparation of the evening meal, with some help from a neighbor. The welfare of these daughters demands much more than that kind of care.

Respondent is an estimable person and is relatrix's sister-in-law. She has the welfare of these children at heart. In her home the children will be under the supervision and care of a competent adult at all times. Moreover, she has a proper regard for relatrix and is interested in maintaining a bond of sympathetic attachment between the children and their mother.

Order affirmed.