## Commonwealth ex rel. v. Steele

*Chaplin & Arnold*, for relator.

*Smith & Maine* and *Frank A. Whitsett*, for respondent.

BELL, P. J., June 20, 1949.—This case came before the court on a petition signed by both Charles H. Steele and Betty Bloom Steele, averring they were no longer living together, were the parents of a child aged four years, which child had been in the custody of the mother, waiving the issuance of any warrant or preliminary proceedings, and asking the court to make an order awarding custody of the child. Counsel en-

tered appearances on behalf of both parties. On July 25, 1947, at the time of hearing, a stipulation was entered into, signed by counsel for each party, under which it was agreed that Judy Steele, the minor daughter, should be awarded to her mother. On the same day we made an order awarding custody of Judy Steele to Betty Bloom Steele, and provided that the father, Charles H. Steele, should have the right to visit the daughter once a week, not over six times a year, provided that the visitation should take place in the City of Williamsport, Lycoming County, Pa., and should not extend for a longer period than two nights and three days. We also provided that Judy should be returned promptly at the expiration of each visit, and that notice of the time when the visits were requested, should be sent to the probation office at least three days prior to the commencement of any visit, and all visits were to be subject to the physical condition and welfare of said Judy Steele. Our order of July 25, 1947, provides in subsection (d) as follows:

"That the said Charles H. Steele shall not, during the time or times when Judy Steele is in his possession, charge or care, take or remove the said Judy Steele beyond the territorial limits of the Commonwealth of Pennsylvania under penalty of forfeiture of the right of visitation therein granted."

Judy has been with her mother in Curwensville, Clearfield County, Pa., since that time, but has visited the father on various occasions. In the latter part of 1948 Charles H. Steele, who had remarried, was transferred from Williamsport to Ithaca, N. Y. For the past several weeks he has been requesting that his daughter be permitted to visit him in New York State. The mother has been opposed to this; and having received communications from both parties, we scheduled the case for rehearing on June 9, 1949.

This is not a case involving original custody of the child, which has been determined by the court in accordance with its judgment and the stipulation of the parties, but relates to the power of the court to permit the child to go outside the Commonwealth of Pennsylvania to see the parent not having custody. As the Pennsylvania courts have power to permit a child to be taken outside the State permanently: Commonwealth ex rel. v. Black et al., 79 Pa. Superior Ct. 409; Commonwealth ex rel. Miller v. Wagner et ux., 160 Pa. Superior Ct. 536; this court would have power to permit the child to be taken outside the State temporarily, but by so doing, might lose control over the child.

Considerable bitterness has arisen between these parents. Counsel for the father avers that, if they have the child in Williamsport, there is no reason why they could not remove the child to New York State, had they intended to do so. Counsel for the mother has requested that even though we do not permit the child to be removed from Pennsylvania, that we require the father to put up a bond conditioned against his so doing. See Commonwealth ex rel. Warner v. Warner, 156 Pa. Superior Ct. 465.

Throughout all cases involving custody of the child, the prime consideration before the court has been what was to the best interest of said child. See Commonwealth ex rel. Hespelein v. Hespelein, 157 Pa. Superior Ct. 224; Commonwealth ex rel. v. Minor, 157 Pa. Superior Ct. 657. While the courts of another State usually give full faith and credit to the judicial proceedings of another State, as provided by article 4, sec. 1 of the Constitution of the United States, we note that in the case of Commonwealth ex rel. Rogers v. Daven et al., 96 Pa. Superior Ct. 556, where children were under the jurisdiction of the Juvenile Court of North Carolina, the Municipal Court of Philadelphia, under the full

faith and credit doctrine, directed that the children be returned to the State of North Carolina, their mother having removed them from that State contrary to the order of the North Carolina court. The Superior Court affirmed the finding of the Municipal Court. In a dissenting opinion, joined in by Judge Cunningham, Judge Keller points out that consideration of the best interest and welfare of the children could and should override any question of full faith and credit to be given to the decree of another State; stating that the conditions as they existed at the time the children were brought before the court was to be controlling, and possibly there would be a change in conditions brought out before the court of prior jurisdiction. In the minority opinion Judge Keller cited cases from nine States, showing that the original order of the State awarding custody had not been followed in another State, pointing particularly to the decision of the North Carolina court to that effect. An appeal was taken to the Supreme Court, reported in 298 Pa. 416. The Supreme Court upheld the minority and reversed the decision of the Superior Court. The Supreme Court said on page 419:

"Orders fixing the custody of children are temporary in their nature and always subject to modification to meet changed conditions."

The court affirmed the doctrine that the prime consideration was the welfare of the child, and said that the Municipal Court of Philadelphia fell into the error of putting too much stress on the full faith and credit doctrine of the United States Constitution. After saying that would be correct if a property right was involved, the court said on page 420:

"That would be right in a judgment concerning property, but any court called upon to determine the custody of children must do so under conditions existing when it acts."

After inferring that this was the policy adopted by the appellate courts of North Carolina, the court said on page 421:

"Judgments and decrees concerning children are never res adjudicata as to facts and conditions subsequently arising."

And later on page 422:

" 'The above rule does not prevent the courts of the state, within whose limits the children may be, from considering whether a change in the situation may not call for a new disposition.' "

In Commonwealth ex rel. Fortunes v. Manos, 140 Pa. Superior Ct. 352, the husband and wife entered into a written agreement as to the custody of their son. She violated the agreement by taking the child into New York State, but came back, and then was forbidden to see him. The Superior Court, after calling attention to the fact that the court would have authority to permit a child to be permanently placed outside the State with a nonresident, stated that such act was only done under unusual circumstances; and the opinion ends with the statement that the mother should have the right to visit the child, and the right to see him without any restrictions, but subject to a provision that she must come within the State of Pennsylvania and visit the child solely within this State. In re: Minor Children of Rosenthal, 103 Pa. Superior Ct. 27, the court said that an agreement between the father and mother involving custody of the children and providing they should be taken to Maine and on what conditions they should be brought back, was not binding on the court, and they need pay no attention to it. The court also said on page 32:

"Even the decree of a court of a sister state, awarding the custody to the mother, may not be binding upon our courts."

In the case of Commonwealth ex rel. v. Teitelbaum, 160 Pa. Superior Ct. 286, the parents had agreed that the child be taken with a brother-in-law and his wife to New Mexico. The Superior Court said that the parents could not make any agreement affecting the domicile of the children, that the relationship of parents and child was a status and not a property right.

In Commonwealth ex rel. v. Di Pasquale, 162 Pa. Superior Ct. 29, the parents lived in New York State, were divorced there, and the mother brought the children to Erie. The New York court awarded custody of the children to the father, but the Pennsylvania court said on page 33:

"The judgment relied on by the father as res adjudicata in so far as the children are concerned is merely an award of custody and, while it has generally been held that a judgment as to the custody of children is entitled to full faith and credit in all other states, the judgment is not conclusive if the conditions and circumstances existing at the time of the rendition of the judgment have changed."

Apparently the New York courts have adopted the same view.

In the application of Myles W. Standish for a writ of habeas corpus, reported in 233 N. Y. 689, 135 N. E. 972, the child had been awarded to its aunt in Virginia. The aunt then moved to New York State. The New York court was asked to enforce the award of custody by the Virginia court, and said that the award by the Virginia court would be respected in the absence of changed conditions.

Our appellate courts have also said it is improper for the Pennsylvania courts to make any rule which would require the courts of another State to do anything with respect to the custody of the child.

We are aware that both these parents are entitled to see this child under proper conditions. We also feel

that the child should be shielded from the conflict between her parents as to her custody; and if either parent should make any effort to engender into said child any hatred for the other parent, the court would be justified in refusing that parent the right of visitation, for the child is not the object upon whom the parents can take out their hatred of one another. The custody of Judy having been with the mother, we will recognize the right of the father to see the child as provided in the original order. He having done so in accordance with that order, we will not require any bond to be provided by him. A child needs to feel that he belongs to someone and somewhere. It is this security of the child that the courts seek to protect, and do not favor a child spending half a year with one parent and half with the other. For this reason we call the attention of the parents to the fact that there are many decisions in the courts of the various States, setting forth that agreements between parents as to custody of the children are not binding and will not be recognized where the court does not feel it is in the best interest of the child. It is not denied that the best interest of this child requires her to be with her mother. We feel it would be unwise to permit this child to be taken out of the Commonwealth of Pennsylvania with the court's approval. While the New York court might respect the decree of this court awarding custody, it would be in their hands and not ours. In order that we may protect the child and not lose control over the right of custody, we will not permit the child to be taken without the Commonwealth of Pennsylvania; otherwise, the father to have all rights given him under the opinion of this court of July 25, 1947.

We will make the following

### Order

Now, June 20, 1949, the request of Charles H. Steele for permission to take his child outside the confines

of Pennsylvania is refused for the reasons given in the foregoing opinion; otherwise, all provisions contained in the original order of July 25, 1947, to continue in full force and effect.