## Public Assistance

RUTHERFORD, Deputy Attorney General, August 17, 1949.—You ask to be advised concerning the imposition of standards for the proper administration of section 9 (f) of the Public Assistance Law of June 24, 1937, P. L. 2051, as amended by the Act of April 28, 1949, P. L. 767, 62 PS §2509.

This new amendment establishes further eligibility for assistance, as follows:

"Except as hereinafter specifically otherwise provided in the case of pensions for the blind, all persons of the following classes, except those who hereafter advocate and actively participate by an overt act or acts in a movement proposing a change in the form of government of the United States by means not provided for in the Constitution of the United States, shall be eligible to receive assistance, *in accordance with rules, regulations and standards established by the Department of Public Assistance, with the approval of the State Board of Assistance,* as to eligibility for assistance, and as to its nature and extent:

. . . . . . . .

"(f) Any children who, at the time they are receiving assistance, are at the direction of the court removed from the home of their parents and placed in foster homes or children's homes maintained by a county institution district." (Italics supplied.)

Since no date is specified in this act, the effective date of the amendment is September 1, 1949. See section 4 of the Statutory Construction Act of May 28, 1937, P. L. 1019, as amended, 46 PS §504.

Section 9(a) of the Public Assistance Law, supra, provided for assistance to dependent children, as follows:

"(a) Dependent Children. A dependent child is defined as any needy child under the age of sixteen or under the age of eighteen if found to be regularly attending school who (1) has been deprived of parental support or care by reason of the death, continued absence from the home, or physical or mental incapacity of a parent, and who is living with his father, mother, grandfather, grandmother, brother, sister, stepfather, stepmother, stepbrother, stepsister, uncle, or aunt, in a place of residence maintained by one or

more of such relatives as his or their own home, and (2) has resided in this Commonwealth for one year immediately preceding the date of application for assistance, or has been born in this Commonwealth within one year immediately preceding the date of such application of a mother who has resided in this Commonwealth for one year immediately preceding the birth of the child."

Under this section 9(a), the Department of Public Assistance grants assistance to needy children who are living with their parents or other specified relatives. This section of the law, together with the generally accepted child welfare practice, indicated that a certain amount of protection for the welfare of a child receiving assistance was afforded by the fact that the child was living with relatives. However, when a child is placed in a foster home with other than relatives, such as specified in section 9(f), necessary protection of the child's welfare is generally not assumed to be present, but rather governmental welfare agencies and private welfare agencies assure this protection by supervision of the child and of the foster parents.

In Pennsylvania the county institution district is the local, countywide public child care agency, charged by law with the responsibility for providing care for dependent and neglected children. See section 401 of the County Institution District Law of June 24, 1937, P. L. 2017, 62 PS §2301, which provides as follows:

"The local authorities shall have the power, and it shall be their duty with funds of the institution district or of the city, *according to rules, regulations, and standards established by the State Department of Welfare*—

.   .   .   .   .   .   .   .

"(d) To contribute moneys to the county to pay all or part of the county cost of maintaining children in

foster homes and in institutions and homes for children; . . ." (Italics supplied.)

Under this provision of the law, local county institution districts are supervised by the Department of Welfare, and must operate within rules, regulations and standards established by the Department of Welfare for the care of indigent persons and children. See Bulletin 81, 1940, established by the Department of Welfare and approved by the State Welfare Commission May 14, 1940, pp. 16-17, as follows:

"II. *Regulations Relating to the Investigation, Placement and Supervision of Dependent Children.*

"A. The local authorities, in exercising their powers in relation to the care of dependent children, may themselves act as a child-caring agency in the investigation, placement and supervision of dependent children; or the authorities may utilize the services of another child-caring agency, in the investigation, placement and supervision of dependent children. The local authorities have a responsibility in assuring themselves that any child-caring agency whose services they use in this capacity meets the Rules and Regulations contained herein.

"B. The responsibilities of the child-caring agency are as follows:

"1. To investigate the needs of children referred to care to determine whether such children are 'dependent children' within the meaning of the above definition.

"2. To ascertain the needs of each child in order to determine the type of care that is best suited to meet the requirements of the individual child.

"3. To study each foster home or institution in relation to its suitability and adaptation to give the care needed in relation to the individual child requiring such care.

"4. To place children accepted for care away from their own homes in foster homes or institutions suited to their needs.

"Under the provisions of the Act, 'no child under the age of sixteen years shall, unless he is physically or mentally handicapped, and no other care is available for him, be admitted to or maintained in an institution conducted by the local authorities for the care of dependents.'

"5. To make such visits as may be needed in the case of each child accepted for care, for the purpose of assuring itself that the child is receiving the type of care required to meet his individual needs, that he has opportunities to avail himself of normal educational, religious and recreational facilities, and that conditions in the home, foster home or institution in which he is receiving care are such as may be expected to aid in his normal development.

"6. To supervise the health of each child through initial and periodic physical examinations and such follow-up health work as is indicated by such examinations.

"7. To keep in touch with the situation in the child's own home when the child has been placed and plan to reëstablish him in his home when this can and should be done, in the best interest of the child. . . ."

There do not appear to have been any amendments or changes in these rules, regulations and standards since May 14, 1940.

See also section 405 of the County Institution District Law, supra, 62 PS §2305, which provides for powers and duties of local authorities (county institution districts) as to children, as follows:

"The local authorities of any institution district shall have the power, and it shall be their duty to place in foster homes or in institutions or homes for children all dependent children who are in, or com-

mitted to, their charge, and whose placement and care are not otherwise provided for by law.

"No child under the age of sixteen years shall, unless he is mentally or physically handicapped, and no other care is available for him, be admitted to, or maintained in, an institution conducted by the local authorities other than a hospital or sanitarium."

Section 9 of the Act of May 25, 1921, P. L. 1144, 71 PS §1469, imposes a duty and responsibility of supervision by the Department of Welfare over institutions. See also the Act of April 14, 1925, P. L. 234, as amended, 11 PS §801 et seq., which provides for licensing of boarding homes for children by the Department of Welfare.

Other responsibilities for dependent and neglected children are placed on the Department of Welfare under sections 2303, 2310 and 2316 of The Administrative Code of April 9, 1929, P. L. 177, 71 PS §§593, 600 and 606.

It is clear from the above that the Department of Welfare has the power and duty of supervising, regulating and licensing the various foster homes or children's homes in the Commonwealth.

The above cited laws and rules and regulations established thereunder were passed to further the best interests of the child, to use the language of our Pennsylvania courts. See the recent case of Commonwealth ex rel. v. Steele, 68 D. & C. 84, in which Judge Bell, in an opinion filed June 20, 1949, stated:

"Throughout all cases involving custody of the child, the prime consideration before the court has been what was to the best interest of said child. See Commonwealth ex rel. Hespelein v. Hespelein, 157 Pa. Superior Ct. 224; Commonwealth ex rel. v. Minor, 157 Pa. Superior Ct. 657."

See also Commonwealth ex rel. v. Daven et al., 298 Pa. 416, 419 (1930), in which the Supreme Court said:

"Orders fixing the custody of children are temporary in their nature and always subject to modification to meet changed conditions."

Judge Bell, inserting this quotation from the Supreme Court, added:

"The court affirmed the doctrine that the prime consideration was the welfare of the child, and said that the Municipal Court of Philadelphia fell into the error of putting too much stress on the full faith and credit doctrine of the United States Constitution."

Under the County Institution District Law, supra, and before the passage of the amended section 9 (f) of the Public Assistance Law, supra, the financial responsibility for the care of dependent and neglected children was wholly that of the county institution district in accordance with standards established by the Department of Welfare.

Under the amended section 9 (f) of the Public Assistance Law, supra, the county institution district is to be subsidized by State funds. When one level of government subsidizes another, it should and ought to be contingent on compliance with certain minimum standards. The Department of Public Assistance, charged with the administration of the Public Assistance Law, has the responsibility of protecting the State Treasury from payment of State funds to foster homes or children's homes in county institution districts, which do not meet the minimum standards imposed by the Department of Welfare.

Section 501 of The Administrative Code of 1929, supra, 71 PS §181, is as follows:

"The several administrative departments, and the several independent administrative and departmental administrative boards and commissions, shall devise a practical and working basis for coöperation and coördination of work, *eliminating, duplicating, and overlapping of functions,* and shall, so far as practical,

coöperate with each other in the use of employes, land, buildings, quarters, facilities, and equipment. The head of any administrative department, or any independent administrative or departmental administrative board or commission, may empower or require an employe of another such department, board, or commission, subject to the consent of the head of such department or of such board or commission, to perform any duty which he or it might require of the employes of his or its own department, board, or commission." (Italics supplied.)

The amended section 9(f) of the Public Assistance Law, supra, does not place responsibility for the welfare of children on the courts; that is placed by law on the county institution districts and the Department of Welfare. In the absence of any other provisions for the welfare of dependent and neglected children, it follows that already established provisions of the law setting up standards for the welfare of dependent and neglected children should be complied with.

In formulating your rules and regulations under section 9(f) of the Public Assistance Law, supra, consideration should be given by your department to standards imposed by the Department of Welfare for the protection of dependent and neglected children of the Commonwealth, and county institution districts would not be eligible, under section 9(f), if such districts did not meet minimum standards of child care as provided for under section 401 of the County Institution District Law, supra, and Bulletin 81, 1940, established by the Department of Welfare and approved by the State Welfare Commission.

We are of the opinion, therefore, and you are accordingly advised that you may in your discretion adopt a rule or regulation restricting payments under section 9(f) of the Public Assistance Law of June 24,

1937, P. L. 2051, as amended by the Act of April 28, 1949, P. L. 767, 62 PS §2509, to those county institution districts which meet minimum standards imposed under the law by the Department of Welfare for care of dependent and neglected children.