Commonwealth ex rel. Beishline, Appellant, *v.* Beishline.

232

Argued March 16, 1954. Before RHODES, P. J., HIRT, ROSS, GUNTHER, WRIGHT, WOODSIDE and ERVIN, JJ.

*John B. O'Brien,* with him *Norman Seidel* and *John Henry Cericola,* for appellant.

*Alfred M. Nittle,* for appellee.

OPINION BY HIRT, J., August 30, 1954:

This is a contest between estranged parents for the custody of their two youngest children aged 7 and 4. The parties were married in 1936. The final separation occurred in February 1953 when the respondent took the two children to the home of her brother where she has since lived with them. Three other children of the parties have remained in relator's home and they have been maintained by him there. Both homes concededly are suitable.

The controlling principles may be thus stated: Under the Act of July 11, 1917, P. L. 817, 12 PS §1874 we, in an appeal involving the custody of children, are bound to "consider the testimony and make such order upon the merits of the case . . . as to right and justice shall belong." But under the Act as presently construed by the Supreme Court we may not consider the testimony de novo nor are we free to disregard the judgment of the hearing judge on credibility of witnesses. *Com. ex rel. Harry v. Eastridge,* 374 Pa. 172, 97 A. 2d 350. While the right of a mother to the custody of her young children is not absolute (*Com. ex rel. Crilley et al. v. Laird,* 160 Pa. Superior Ct. 132, 50 A. 2d 542) yet unless compelling reasons appear to the contrary, children of tender years should be committed to the care and custody of their mother, who "in the common experience of mankind" is best fitted to serve their needs. *Com. ex rel. Haller v. Hanna,* 168 Pa. Superior Ct. 217, 77 A. 2d 750; *Com. ex rel. Schofield v. Schofield,* 173 Pa. Superior Ct. 631, 98 A. 2d 437. On appeal in a child custody case the burden is upon the appellant to convince us that the order of the court below is erroneous or based on a mistake of law. *Com. ex rel. Heller v. Yellin,* 174 Pa. Superior Ct. 292, 101 A. 2d 452. The lower court in this case concluded from the evidence that relator had not sus-

tained the burden upon him of proving that the interests of the two children will be best served by an award of their custody to him. The order will be affirmed.

Respondent became mentally ill early in 1952. There may have been foundation in fact for her contention that relator mistreated her. But her charge that her husband had tried to poison her on numerous occasions was a delusion of persecution characteristic of the type of her mental disorder. She was committed to Allentown State Hospital on March 21, 1952 where her mental illness was diagnosed as dementia praecox, paranoid type. Respondent was released from the hospital on August 25, 1952 "on furlough". Dr. Raymond Shettel, a competent psychiatrist of wide experience and assistant to the superintendent of the hospital, who had treated her there testified: "It is very difficult to ever state that a patient recovers from this type of mental illness." She appeared however to be having "a remission" and on that ground she was released on furlough. But at the hearing on May 4, 1953, Dr. Shettel testified that although "At the present time she appears to be making a good adjustment, . . . certainly the prognosis for the future must be guarded . . . certainly the basic condition is still present." Conceding that "a violent aggressiveness" is not uncommon in the paranoid type of dementia praecox yet this witness found no evidence of planned violence on the part of the respondent, as a result of delusions of persecution, or otherwise, against anyone. There is other competent medical testimony that respondent's mental disorder though properly diagnosed by Dr. Shettel, "is exceedingly mild and that she is making an excellent recovery" and that "the prognosis of a prolonged remission is exceedingly good." The lower court accepted this and other testimony of like import concluding that "a proper disposition of the case at the present time

is not to disturb defendant's custody" and awarded the two children to her.

Notwithstanding the serious type of respondent's mental disorder there is support for the validity of the conclusion of the lower court in *Com. ex rel. Edinger v. Edinger,* 374 Pa. 586, 98 A. 2d 172.

Order affirmed.

———

DISSENTING OPINION BY RHODES, P. J.:

This Court, under the Act of Assembly, "shall consider the testimony and make such order upon the merits of the case, either in affirmance, reversal, or modification of the order appealed from, as to right and justice shall belong." Act of July 11, 1917, P. L. 817, 12 PS §1874.

On the record before us, I cannot say that the action of the court below is either right or just. Therefore, being unable to concur in the order of this Court, I dissent.

GUNTHER, J. joins in this dissent.